### V. R. DAVENPORT v. A. C. BEARDEN ET AL.

Decided February 8, 1908.

#### 1.—Trespass to Try Title—Limitation—Peremptory Charge.

Where, in a suit of trespass to try title, it appeared from the undisputed competent evidence, that the adverse claimants of the land in controversy were in actual possession of the same at the time of the death of the owner and remained in such possession of the same for more than ten years before the institution of the suit, a peremptory charge for the defendants was proper without regard to possible errors in the admission of other evidence on the trial.

#### 2.—Same—Res Adjudicata.

A final judgment of a court of competent jurisdiction against unknown heirs is conclusive of the rights of such heirs.

Appeal from the District Court of Bosque County.  Tried below before Hon. O. L. Lockett.

*Pete Arnold, J. C. Scott* and *F. B. Stanley,* for appellant.

*E. B. Robertson* and *James M. Robertson,* for appellees.

SPEER, ASSOCIATE JUSTICE.—The appellant as plaintiff below instituted this suit against the appellees in the form of an action of trespass to try title to recover the William Shepherd league and labor of land in Bosque County.  The court instructed the jury to return a verdict for defendants, which was done and judgment. was entered accordingly, from which this appeal is prosecuted.

The first assignment complains of the court's ruling in admitting evidence, but we shall not pause to consider whether the same was erroneous or not, inasmuch as the court's action in directing a verdict for appellees was clearly proper under the other undisputed evidence.  Several reasons may be given why this course was proper, but we shall content ourselves with noticing only two of them: First, it is undisputed that appellant claims the land through her mother as heir of William Shepherd, who died in the year 1880, and that her mother was then a widow and had been since 1869; that the appellees and those under whom they claim took adverse possession of the land in controversy in 1857, and that as early as January 1, 1879, the land was all under fence, actually occupied and claimed by the appellees and those under whom they claim in such way as to give them a full and perfect title under article 3343, Sayles' Texas Civil Statutes, commonly known as the ten year statute of limitations.  Second, the evidence discloses that on January 17, 1894, a judgment was rendered by the District Court of Bosque County in favor of E. G. P. Kellum, under whom the appellees claim, against a great number of defendants, including the unknown heirs of William Shepherd, devesting all the right, title, interest and claim out of the defendants and vesting the same in said Kellum.  For this reason, as well as the preceding one, an instruction in favor of appellees was mandatory.  Hardy v. Beaty, 84 Texas, 562.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.